UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>SRIDEVI AIYASWAMY,<br><br>        Defendant. | Case No. 15-CR-00568-LHK-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 37, 38, 43 |

On December 9, 2015, a federal grand jury returned an indictment against Defendant Sridevi Aiyaswamy ("Defendant") for thirty-four counts of visa fraud in violation of 18 U.S.C. § 1546(a). ECF No. 1 ("Indictment"). Defendant is accused of knowingly making false statements of material facts in applications for H-1B worker visas and in documents supporting such applications. Indictment at 1. Specifically, Defendant allegedly represented that a number of H-1B visa applicants "had job offers and statements of work documents from the technology company Cisco, when the defendant . . . knew that these representations were false." *Id.*

A final pretrial conference will take place on April 17, 2017. Trial will begin on May 1, 2017. Defendant has not filed any motions in limine. On March 24, 2017, the Government filed motions in limine. ECF Nos. 37, 38, 43. Before the Court are the Government's Motion in

Limine Regarding the Admissibility of USCIS Records and Other Documentary Evidence, ECF

No. 37 ("Document Mot."), the Government's Motion in Limine Regarding Expert Testimony,

ECF No. 38 ("Expert Mot."), and the Government's General Motions In Limine Regarding Trial

Evidence and Trial Management, ECF No. 43 ("General Mot.").  On April 10, 2017, Defendant

filed a combined response to the Government's motions in limine.  ECF No. 47 ("Resp.").  Having

considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS

in part and DENIES in part the Government's motions in limine.

## I.  Government's Motion in Limine On Expert Testimony

The Government's motion in limine regarding expert testimony requests that the Court

"allow expert testimony regarding the H-1B visa application process from" Monica Verma, a

Senior Immigration Services Officer in the Employment Branch of the United States Citizenship

and Immigration Services.  Expert Mot. at 1.  The Government intends for Verma to testify at trial

about the paperwork required for submitting an H-1B visa application, the meaning of various

terms and acronyms surrounding the H-1B visa process, the criteria and proof used to evaluate H-

1B visa eligibility, and "the ways in which a commercial applicant for an H-1B visa might gain a

competitive advantage through submitting H-1B visa requests prior to making the necessary

employment arrangements."

Federal Rule of Evidence 702 allows an expert to testify "in the form of an opinion or

otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier

of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on

sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d)

the expert has reliably applied the principles and methods to the facts of the case."  Before

admitting expert testimony, "[t]he trial court, acting as gatekeeper, is required to assess, 'pursuant

to Rule 104(a), whether the expert is proposing to testify to' scientific, technical, or other

specialized knowledge that will help the factfinder understand or decide a fact in issue."  *United*

*States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000) (citing *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).  Moreover, this gatekeeping duty requires the trial

United States District Court
Northern District of California

court to "'screen[ ]' the proffered evidence to 'ensure that any and all [technical] testimony or evidence admitted is not only relevant, but reliable.'" *Id.* (citing *Daubert*, 509 U.S. at 597). As the Government notes in its motion, this gatekeeping function may be discharged by conducting a hearing before trial, or by performing voir dire within the presence or outside the presence of the jury at trial. *See Alatorre*, 222 F.3d at 1105 (holding that voir dire may satisfy the requirements of *Daubert*).

Defendant argues that the Court should exclude Verma's testimony because the Government has provided insufficient information about Verma's testimony under Federal Rule of Criminal Procedure 16(a)(1)(G). Opp'n at 2. Specifically, Defendant argues that Rule 16(a)(1)(G) requires the Government to provide a summary of the expert witnesses' testimony that "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).

The Court agrees with Defendant that the notice provided by the Government does not sufficiently "describe the witness's opinions" or "the bases and reasons for those opinions." However, Rule 16(a)(1)(G) only requires such a summary "at the defendant's request," and as the commentary to the 1993 amendments to Rule 16 provide, "no specific timing requirements are included." Fed. R. Crim. P. 16 cmt. 1993 amendments. Defendant provides no indication that Defendant has requested a summary of Verma's testimony. The Court construes Defendant's opposition to the Government's motion in limine as such a request. Accordingly, the Court DENIES without prejudice the Government's motion in limine to introduce the expert testimony of Monica Verma and ORDERS the Government to produce a summary to Defendant that complies with Rule 16(a)(1)(G) by April 20, 2017.

II.     **Government's Motion in Limine on USCIS Records and Other Documentary Evidence**

The Government's USCIS Records and Other Documentary Evidence Motion in Limine indicates that the Government intends to introduce (1) the United States Citizenship and Immigration Services ("USCIS") files for each of the H-1B visa applications that contain allegedly

United States District Court
Northern District of California

false statements, (2) the DMV Driver's License Records of Defendant, and (3) Defendant's bank records. The Government seeks a "pretrial ruling authorizing the admission of these exhibits." Document Mot. at 9.

With respect to the USCIS files, the Government argues that the files are admissible because they fall in the public record exception to the rule against hearsay, which is codified as Federal Rule of Evidence 803(8). In response, Defendant argues that she has not yet been provided copies of the exhibits that the Government intends to introduce. Moreover, Defendant argues that some information in the USCIS files must be redacted before admission under Federal Rule of Criminal Procedure 49.1, which specifies that certain personal and financial information should be redacted from court filings. Defendant indicates, however, that Defendant "will not object to the admission of properly certified records." The Court finds that because Defendant has not yet been provided the exhibits, and the court does not yet know whether the exhibits will be "properly certified," the Court DENIES without prejudice the Government's motion in limine to find the USCIS files admissible.

With respect to Defendant's DMV records, the Government argues that it intends to introduce Defendant's DMV records under the Rule 803(8) public record exception to the rule against hearsay. Defendant states that she has "no objection to properly certified DMV Records." The Court cannot conclude at this stage whether the DMV records will be properly certified. Accordingly, the Court DENIES without prejudice the Government's motion in limine to find Defendant's DMV records admissible.

Finally, with respect to Defendant's bank records, the Government argues that these records are admissible under the business records exception to the hearsay rule, which is codified as Federal Rule of Evidence 803(6). Under this exception to the hearsay rule, records of "regularly conducted activity of a business" may be introduced despite the rule against hearsay so long as the records are properly authenticated through a testifying witness or through certification. Fed. R. Evid. 803(6). As with the USCIS files, Defendant indicates that she has not been provided the actual exhibits that will be presented at trial, and Defendant will not object to the

4

introduction of "properly certified bank records."  As with the USCIS files, the Court finds that it is premature to rule that such records are admissible because the records have not yet been produced, and the Court does not definitively know whether the records will be properly certified. Accordingly, the Court DENIES without prejudice the Government's motion in limine to find Defendant's bank records admissible.

**III**     **Government's General Motions in Limine**

    **A.**     **Government's General Motion in Limine 1: Defendant's Out of Court Statements**

The Government's first general motion in limine seeks a ruling that (1) the Government may introduce the out of court statements of Defendant and Defendant's agents, and (2) Defendant may not introduce any out of court statements of Defendant or Defendant's agents.  The Court addresses each argument in turn.

First, the Government argues that the out of court statements of Defendant and Defendant's agents are admissible despite the rule against hearsay under Federal Rule of Evidence 801(d)(2).  *See* Fed. R. Evid 801(d)(2)(A) (statements made by an opposing party are "not hearsay"), (d)(2)(D) (statements made by an opposing party's agent or employee on a matter within the scope of that relationship while it existed are "not hearsay").  Defendant argues that a decision on this motion in limine would be premature because the Government has not indicated what out of court statements the Government seeks to introduce.  However, Defendant indicates she will not object to the Government's introduction of properly authenticated out of court statements of Defendant or Defendant's agents.  The Court agrees with Defendant that a ruling on the admissibility of Defendant's statements would be premature without knowing what statements the Government will seek to introduce.  Therefore, the Court DENIES without prejudice the Government's motion in limine seeking a ruling that the Government may introduce the out of court statements of Defendant and Defendant's agents.

Second, the Government contends that only the Government should be able to introduce the Defendant's own out of court statements.  The Government argues that such statements are

United States District Court
Northern District of California

hearsay and do not fall within the "party opponent" or "agent" hearsay exceptions. See Fed. R. Evid. 801(d)(2)(A)–(D). The Court agrees that Rule 801(d)(2), which only applies to party-opponent statements, would not allow Defendant to introduce Defendant's out of court hearsay statements. However, the Court declines to broadly rule that all of Defendant's out of court statements are inadmissible when introduced by Defendant. The admissibility of particular statements depends on the statement at issue, the purpose of the statements' introduction into evidence, and whether any of the exceptions to the rule against hearsay apply to those statements. Accordingly, the Court DENIES without prejudice the Government's motion in limine to the extent it seeks to preclude Defendant from introducing any out of court statements previously made by Defendant or Defendant's agents. Such a decision is better made when the Court has before it the hearsay statements, if any, that Defendant seeks to introduce.

### B.      Government's General Motion in Limine 2: Evidence for Case-In-Chief

In the Government's second general motion in limine, the Government argues that the Court should preclude Defendant from "introducing at trial any documents or other evidence it failed to disclose in violation of the discovery rules." General Mot. at 4. Under Federal Rule of Criminal Procedure 16(b), Defendant must disclose and allow the Government to inspect "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial." If a Defendant fails to comply with his or her discovery obligations the Court may "(A) order that party to permit the discovery or inspection . . . ; (B) grant a continuance; (c) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

The Court declines to make a blanket ruling that Defendant's failure to comply with its discovery obligations will necessary lead to the exclusion of the undisclosed evidence. As noted above, the Rule 16(d)(2) provides a number of potential remedies for failure to comply with discovery obligations. While a Defendant's introduction of evidence by surprise at trial may

require exclusion of that evidence, such a determination must be made on a case-by-case basis. Accordingly, the Court DENIES without prejudice the Government's motion to exclude any evidence that Defendant fails to disclose under Rule 16(b).

The Court notes, however, that the parties dispute the boundaries of Defendant's discovery obligations. Therefore, the Court provides additional guidance on this issue. As noted above, Defendant must disclose and produce evidence that Defendant "intends to use [] in the defendant's case-in-chief at trial." Fed. R. Evid. 16(b). Defendant argues that the term case-in-chief solely refers to evidence that will be introduced during the "Defendant's case," that is, the time during trial after the Government rests its case, and does not refer to evidence introduced during cross-examination of Government witnesses. General Mot. at 5. In contrast, the Government argues that the term case-in-chief refers to evidence that will be introduced to challenge "the substance of the charges (e.g. the elements of the offense)," rather than evidence used to "to impeach or refresh memories," regardless of the timing when that evidence will be introduced. *Id.*

The Fourth Circuit and district courts in the District of Oregon, the District of D.C. and the District of Idaho have held that determining whether evidence is being introduced as part of the case-in-chief depends on the purpose of the evidence's introduction and not the timing of the evidence's introduction. *See United States v. Holden*, 2015 WL 1514569, at *2 (D. Or. March 19, 2015) ("The Court concludes Rule 16(b)(1)(A)(ii) does require Defendant to disclose to the government all substantive, non-privileged evidence that Defendant plans to introduce at trial, regardless whether Defendant intends to introduce the evidence through a witness he calls at trial or through cross-examination of a government witness."); *United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) ("The Court will evaluate the purpose of any cross-examination in the context of the trial."); *United States v. Young*, 248 F.3d 260, 268 (4th Cir. 2001) (applying a purpose-based analysis for determining Rule 16(b) discovery obligations); *United States v. Swenson*, 298 F.R.D. 474, 476 (D. Idaho 2014) (same). Specifically, these courts look to whether the evidence is introduced for impeachment purposes or for substantively challenging the elements of the charged offense and not whether the evidence is introduced during

United States District Court
Northern District of California

cross-examination rather than after the government has rested its case. *See, e.g.*, *Holden*, 2015 WL 1514569, at *2 (requiring disclosure of all substantive, non-impeachment evidence "regardless whether Defendant intends to introduce the evidence through a witness he calls at trial or through cross-examination of a government witness").

The Court finds these cases to be persuasive. If Rule 16(b) applied only to evidence introduced after the Government rested its case, Rule 16(b) would "effectively [be] render[ed] . . . a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested." *Swenson*, 298 F.R.D. at 477. Indeed, "the use of evidence by a criminal defendant outside of the scope of traditional cross-examination through one of the government's witnesses is standard modern trial practice . . . because it is more efficient, is respectful of the availability of out-of-district witnesses, and presents the evidence to the factfinder in a more streamlined and understandable manner." *Holden*, 2015 WL 1514569, at *3; *see also Hsia*, 2000 WL 195067 at *2 ("Especially if the defense also intended to call that witness, its cross-examination can quickly become part of its case-in-chief under Rule 16, regardless of whether the government has rested its case.").

Defendant argues, however, that *United States v. Givens*, 767 F.2d 574 (9th Cir. 1985), binds this Court to interpret case-in-chief to only mean the time period during trial after the Government rests its case. Defendant is incorrect. In *Givens*, the Ninth Circuit discussed the government's disclosure obligations under a former version of Rule 16, which required the government to disclose evidence it intended to use for its "evidence in chief." *Id.* at 582. The *Givens* case involved a prosecution for armed postal robbery. *Id.* After the government rested, the defendant presented the defendant's wife's testimony that a shoe-print from a Converse-brand shoe found at the scene of the crime was not the defendant's because the defendant only owned one pair of shoes that was not the Converse-brand. *Id.* In its rebuttal case, the government presented testimony that the defendant had worn Converse-brand shoes one year earlier. *Id.* Defendant argued that the government's rebuttal evidence should have been excluded because the government had not disclosed the rebuttal evidence to the defendant in violation of Rule 16.

The *Givens* court first held that the term "evidence in chief" means the same thing as the term case-in-chief. *Id.* at 583. Then, the *Givens* court held that even though the government had not disclosed the evidence introduced on rebuttal, the evidence was not excludable because "[t]he evidence was offered to impeach [the defendant's] wife's testimony that [the defendant] owned only one pair of tennis shoes." *Id.* Thus, despite Defendant's argument to the contrary, the *Givens* court focused on the purpose of the evidence being introduced to determine whether it should have been disclosed as part of the government's "evidence in chief." *Id.*; *see also Holden*, 2015 WL 1514569 at *3 (noting that the analysis by the *Givens* court looked to "the purpose for which the government intended to offer the evidence rather than the temporal stage of trial in which the government sought to use it"). Therefore, the Court finds that the *Givens* decision supports the Government's, not Defendant's, position.

Accordingly, Defendant must disclose and produce substantive, non-impeachment evidence under Rule 16(b), whether Defendant plans to introduce that evidence during cross-examination or after the Government rests. Defendant's failure to comply with Rule 16(b)'s requirements could result in the exclusion of the undisclosed evidence.

### C. Government's General Motion in Limine 3: Exclusion of Extrinsic Evidence

The Government's third general motion in limine seeks to exclude the use of "extrinsic evidence for the putative purpose of impeaching the government's witness" under Federal Rule of Evidence 608(b). General Mot. at 8. Defendant argues that the Government has not identified any extrinsic impeachment evidence that Defendant seeks to introduce. Therefore, because the Government has not identified the evidence it seeks to exclude, the Court will address this issue in the context of specific objections at trial. Accordingly, the Court DENIES without prejudice the Government's motion in limine to exclude all extrinsic evidence to be used for the purpose of impeaching the Government's witnesses.

### D. Government's General Motion in Limine 4: *Henthorn*-type Cross Examination

The Government's fourth general motion in limine requests that the Court require the Defendant to "make some offer of proof and relevance outside the presence of the jury" before

9

questioning any law enforcement witnesses about *Henthorn*-type information, that is, information about the law enforcement witness's past alleged misconduct. The Government seeks to ensure that past alleged misconduct of officers is relevant and admissible before the questioning occurs in order to prevent potential prejudice. The Government refers to alleged misconduct as *Henthorn*-type material because under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Government must disclose "the personnel files of testifying officers" if those files contain evidence that is "favorable to the defense [and] meets the appropriate standard of materiality." *Id.* at 30–31. Such personnel files may contain references to alleged past misconduct.

Defendant does not object to the Government's proposed procedure with respect to questioning on *Henthorn*-type information. *See* Opp'n at 7. Therefore, the Court establishes the following procedure. The Defendant shall inform the Court and the Government outside the presence of the jury that questioning about *Henthorn*-type conduct will occur before such questioning begins. At that time, the Court will hear the Government's objections to the particular line of questioning and determine whether such questioning may occur. Accordingly, the Court GRANTS the Government's motion in limine as to the procedure for cross-examination on *Henthorn*-type materials.

### E.    Government's General Motion in Limine 5: References to Punishment

The Government's fifth general motion in limine seeks to prevent Defendant from referencing punishment in front of the jury. *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Defendant agrees not to make such references. Opp'n at 7. Therefore, the Court GRANTS the Government's motion in limine to exclude references to punishment during trial.

### F.    Government's General Motion in Limine 6: Evidentiary Basis for Affirmative Defenses

The Government's sixth general motion in limine requests that the Defendant provide an evidentiary basis for any affirmative defense on which Defendant intends to rely. The term

"affirmative defense" has generally referred to "defenses that must be affirmatively raised by the defendant and that are based on justifications or excuses for conduct that is otherwise criminal." *United States v. Frisbee*, 623 F. Supp. 1217, 1220 (N.D. Cal. 1985) (citing W. LaFave & A. Scott, Criminal Law 152 (1972)). "Consequently, evidence used to negate the existence of an element of the crime would not traditionally be considered part of an affirmative defense because the evidence is used to show innocence, as opposed to an excuse or justification for an otherwise criminal act." *Id.* The Ninth Circuit has held that a district court "may preclude a defense if the defendant fails to make a prima facie showing that she is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 636 (9th Cir. 2010).

The Government does not point to any particular affirmative defense raised by Defendant. Indeed, Defendant states that she does not presently intend to raise any affirmative defense. Even though Defendant does not presently intend to raise an affirmative defense, the Government argues that if Defendant does decide to raise an affirmative defense, Defendant should first make a prima facie showing that Defendant is eligible for the defense under *Schafer*. Defendant does not object to such a procedure. Therefore, if Defendant later seeks to raise an affirmative defense, that is, a defense separate from the negation of the elements of the offense, Defendant shall make a prima facie showing outside the presence of the jury that defendant is eligible for the defense. At that time, the Court will rule on whether the evidence supporting that defense is admissible.

Accordingly, the Court GRANTS the Government's motion in limine to establish a procedure for the introduction of affirmative defense evidence

**IT IS SO ORDERED.**

Dated: April 14, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No. 15-CR-00568-LHK-1
ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE